1    Mia Farber (State Bar No. 131467)
     JACKSON LEWIS P.C.
2    725 South Figueroa Street
     Suite 2500
3    Los Angeles, CA 90017
     Telephone: 213-689-0404
4    E-mail: Mia.Farber@jacksonlewis.com

5    Benjamin J. Schnayerson (State Bar No. 257857)
     Julie Y. Zong (State Bar No. 309804)
6    JACKSON LEWIS P.C.
     50 California Street, 9th Floor
7    San Francisco, California 94111-4615
     Telephone:  (415) 394-9400
8    Facsimile: (415) 394-9401
     E-mail:  Ben.Schnayerson@jacksonlewis.com
9    E-mail:  Julie.Zong@jacksonlewis.com

10   Attorneys for Defendant
     RXO LAST MILE, INC. (ERRONEOUSLY SUED
11   HEREIN AS XPO LAST MILE, INC.)

12

13               UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15

16   MAYNOR MEJIA LOPEZ, an individual;      Case No. 3:22-CV-08976-SI
     individually and on Behalf of All Similarly
17   Situated Individuals,                **DEFENDANT RXO LAST MILE,**
                               **INC.'S RESPONSE TO PLAINTIFF'S**
18             Plaintiff(s),           **SUPPLEMENTAL BRIEF ON**
                               **DEFENDANT'S MOTION TO**
19         v.                     **COMPEL ARBITRATION**

20   XPO LAST MILE, INC., A Georgia
     Corporation, and DOES 1 through 25,
21   Inclusive,                    Action Filed:      10/24/2022
                                Trial Date:       None Set
22           Defendants.       Date Removed:    12/19/2022

23

24

25

26

27

28

DEFENDANT RXO LAST MILE, INC.'S RESPONSE TO PLAINTIFF'S
SUPPLEMENTAL BRIEF ON DEFENDANT'S MOTION TO COMPEL ARBITRATION

# **TABLE OF CONTENTS**

I.    INTRODUCTION .............................................................................................1

II.   LEGAL ARGUMENT .......................................................................................2

      A.    Individualized Arbitration Is Not Prohibited Here.................................2

      B.    Labor Code Section 229 Does Not Preclude Arbitration.........................6

      C.    In Accordance with *Rizvanovic*, the Court Should Delegate Enforceability
            to the Arbitrator..............................................................................7

      D.    The Arbitration Agreement Is Not Unconscionable. ...............................9

            1.    The Arbitration Agreement Is Not Procedurally Unconscionable..............9

            2.    The Arbitration Agreement Is Not Substantively Unconscionable...........10

                  i.    The Commercial Arbitration Rules Do Not Impose Excessive Fees
                        That Are Unique to Arbitration on the Employee....................................11

                  ii.   The Arbitration Provision Does Not Impermissibly Waive the
                        Right to Appeal ........................................................................13

                  iii.  The Arbitration Provision Does Not Require Plaintiff to Pay
                        Attorneys' Fees and Costs to the Prevailing Party....................................13

                  iv.   The Class Action Waiver Does Not Create A Lack of Mutuality ............14

      E.    Unconscionable Provisions May be Severed So that the Contract Is
            Enforced .................................................................................15

III.  CONCLUSION.............................................................................................15

1

## TABLE OF AUTHORITIES

2

**Cases**                                                                        **Page(s)**

3

*Armendariz v. Foundation Health Psychcare Services, Inc.*

4
(2000) 24 Cal.4th 83 ...................................................................... *passim*

5
*Bravo v. RADC Enters., Inc.*,
33 Cal. App. 5th 920 (2019)........................................................... 6

6

7
*Brown v. Ralph's Grocery Co.*,
197 Cal. App. 4th 489 (2011).......................................................... 3

8

9
*Cayanan v. Citi Holdings, Inc.*
928 F.Supp.2d 1182 (S.D. Cal. 2013)............................................ 15

10

11
*Circuit City Stores, Inc. v. Ahmed*,
283 F.3d 1198 (9th Cir. 2002)....................................................... 10

12
*Cole v. Burns Intern. Sec. Servs.*,
105 F.3d 1465 (D.C. Cir. 1997) .................................................... 11

13

14
*Conde v. Open Door Mktg.*,
2017 U.S. Dist. LEXIS 185508 (Nov. 8, 2017) .............................. 3

15
*Curry v. Equilon Enterprises, LLC*,
23 Cal.App.5th 289 ........................................................................ 5

16

17
*Garrido v. Air Liquide Industrial U.S., LP*,
241 Cal.App.4th 833 (2015)............................................................ 5

18

19
*Gentry v. Super. Ct.*,
42 Cal. 4th 443 (2007), *overruled on other grounds* .................. 1, 3, 4, 5

20
*Gilbert Street Developers, LLC v. La Quinta Homes, LLC*,
174 Cal.App.4th 1185 (2009).......................................................... 8

21

22
*Gutierrez v. Autowest, Inc.*,
114 Cal. App. 4th 77 (2003)............................................................ 9

23

24
*Henry Schein, Inc. v. Archer & White Sales, Inc.*,
139 S.Ct. 524 (2019) ...................................................................... 7

25
*Iyere v. Wise Auto Group*,
87 Cal.App.5th 747 (2023).............................................................. 13

26

27
*Kilgore v. KeyBank, N.A.*,
718 F.3d 1052 (9th Cir. 2013)........................................................ 10

28
*Kirby v. Immoos Fire Protection, Inc.*,
53 Cal.4th 1244 (2012) ................................................................... 7

*Lane v. Francis Capital Mgmt., LLC*,
   224 Cal.App.4th 676 (2014) ................................................................................. 7

*Little v. Auto Stiegler, Inc.*,
   29 Cal.4th 1064 (2003) ...................................................................................... 13

*Mohamed v. Uber Techs, Inc.*,
   848 F.3d 1201 (9th Cir. 2016) ........................................................................... 10

*Moncharsh v. Heilay & Blase*,
   3 Cal.4th 1 (1992) ............................................................................................... 2

*Newton v. Am. Debt Servs.*,
   549 Fed. Appx. 692 (9th Cir. 2013) ................................................................... 15

*Perry v. Thomas*,
   482 U.S. 483 (1987) ............................................................................................. 7

*Pinnacle Museum Tower Assn. v. Pinnacle Market Dev. (US), LLC*,
   55 Cal. 4th 223 (2012) ................................................................................... 9, 10

*Rent-A-Center, W., Inc. v. Jackson*,
   561 U.S. 63 (2010) ........................................................................................... 7, 8

*Rizvanovic v. UPS, Inc.*,
   2023 U.S. Dist. LEXIS 10172 (E.D. Cal 2023) ................................................ 1, 7

*Romero v. Watkins & Shepard Trucking, Inc.*,
   2021 U.S. App. LEXIS 24804 (9th Cir. 2021) .................................................. 3, 5

*Serafin v. Balco Properties Ltd., LLC*,
   235 Cal.App.4th 165 ......................................................................................... 14

*Tiri v. Lucky Chances, Inc.*,
   226 Cal.App.4th 231 ........................................................................................... 8

**Statutes**

California Arbitration Act .......................................................................... *passim*

California Civil Code section 1670.5 .................................................................. 15

California Civil Procedure Section § 1281 ........................................................... 2

California Labor Code §229 .............................................................. 1, 6, 7, 15

Federal Arbitration Act ............................................................................. *passim*

1

## I.    **INTRODUCTION**

2        At the hearing on May 3, 2023, the Court directed the parties to supplement their

3   briefing on Defendant RXO Last Mile, Inc.'s ("Defendant" or "RXO LM") motion to compel

4   arbitration and address how the California Arbitration Act ("CAA") impacts the motion to

5   compel, in the event the Court determines the Federal Arbitration Act ("FAA") does not apply

6   because of the transportation worker exception.  The Court suggested that the reasoning in

7   *Rizvanovic v. UPS, Inc*., 2023 U.S. Dist. LEXIS 10172 (E.D. Cal 2023), which addressed the

8   enforceability of a delegation clause under the CAA, may impact whether the Court refers this

9   case to arbitration.  In the supplemental briefing, Plaintiff Maynor Mejia Lopez ("Plaintiff" or

10  "Lopez") asserted that arbitration is not available because, the Delivery Service Agreement

11  ("DSA") impermissibly requires individualized arbitration, and Labor Code §229 invalidates

12  the Arbitration Agreement altogether.  Plaintiff also took this as an opportunity to re-brief their

13  arguments concerning unconscionability.  None of these positions have merit.

14        The DSA's arbitration provisions are not invalidated under the CAA merely because the

15  agreement requires individual arbitration.  Plaintiff, who bears the burden of establishing that

16  the class action waiver is invalid under the *Gentry* factors, offers no evidence to demonstrate

17  that a federal class action will more effectively address the alleged labor code violations rather

18  than individualized arbitration of Plaintiff's claims.   The crux of Plaintiff's claim is his

19  relationship with RXO LM and the manner in which he was paid (by his own business).  Those

20  circumstances are highly individualized and perfectly appropriate for arbitration, irrespective of

21  whether Plaintiff has taken it upon himself to offer his service as putative class representative

22  for those other business owners who contracted with RXO LM and those businesses'

23  employees. Arbitration makes sense, and the *Gentry* factors do not prevent individual

24  arbitration.  Moreover, pursuant to the reasoning in *Rizvanovic*, the Court should delegate the

25  issues of unconscionability and enforceability of the Arbitration Agreement to the arbitrator

26  pursuant to the DSA's delegation provision.  Plaintiff does not address the delegation clause,

27  and instead focuses exclusively on the validity of the agreement in the first instance. In the

28

.                                              1                    CASE NO. 3:22-CV-08976
**DEFENDANT RXO LAST MILE, INC.'S RESPONSE TO PLAINTIFF'S**
**SUPPLEMENTAL BRIEF ON DEFENDANT'S MOTION TO COMPEL ARBITRATION**

1  event this Court finds that the class action waiver is not enforceable, however, Plaintiff's claims

2  must be heard in Court pursuant to the express language of the delegation clause.

3      The Court should not entertain the additional briefing on unconscionability as it was not

4  invited, and it is a second bite at the apple.  The parties addressed unconscionability in the

5  opening round of briefing, and this Court was not asking for additional briefing on this issue.

6  For these purposes, unconscionability is a formation issue and Plaintiff should not be allowed

7  to reargue his position on those points.  That said, and because Plaintiff raises these issues

8  again, RXO LM addresses them below.  Nothing, however, has changed from the first round as

9  there is neither procedural nor substantive unconscionability adequate to avoid the arbitration

10  provisions in the DSA.

11      As a last point, the Court also asked RXO LM if it would agree to pay the arbitration

12  costs, and RXO LM does agree to this, consistent with the carve out in the AAA Commercial

13  rules for employment-related claims.

14  **II.    LEGAL ARGUMENT**

15      **A.    Individualized Arbitration Is Not Prohibited Here.**

16      Under California law, "a written agreement to submit to arbitration an existing

17  controversy or a controversy thereafter arising is valid, enforceable and irrevocable, save upon

18  such grounds as exist for the revocation of any contract." C.C.P. § 1281.  The CAA accords a

19  "strong public policy in favor of arbitration as a speedy and relatively inexpensive means of

20  dispute resolution." *Moncharsh v. Heilay & Blase*, 3 Cal.4th 1, 9 (1992); *Armendariz v.*

21  *Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 94 ("California law, like

22  federal law, favors enforcement of valid arbitration agreements.")  Plaintiff asserts, however,

23  these tenets should be cast aside because the DSA requires individual arbitration on the

24  following terms:

25      THIS ARBITRATION AGREEMENT PROHIBITS THE ARBITRATOR FROM

26      CONSOLIDATING THE CLAIMS OF OTHERS INTO ONE PROCEEDING. THIS
    MEANS AN ARBITRATOR SHALL HEAR ONLY INDIVIDUAL CLAIMS AND IS

27      PROHIBITED FROM FASHIONING A PROCEEDING AS A CLASS OR
    COLLECTIVE ACTION OR AWARDING RELIEF IN SUCH A PROCEEDING.

28

**DEFENDANT RXO LAST MILE, INC.'S RESPONSE TO PLAINTIFF'S
SUPPLEMENTAL BRIEF ON DEFENDANT'S MOTION TO COMPEL ARBITRATION**

1
2
3
4

Any question or dispute concerning the scope or validity of this paragraph shall be decided by a court of competent jurisdiction and not the arbitrator.  Should a court determine that this paragraph is invalid for any reason, the parties hereby waive any right to arbitration of class or collective action and instead agree and stipulate that such claims will be heard only by a judge.  Decl. of Benjamin Schnayerson in Support of Motion to Compel "Schnayerson Decl.", Ex. 1, Section 21.6.

5
6
7
8
9
10
11
12
13
14
15

As the California Supreme Court has held, a plaintiff bears the burden of demonstrating that a class action wavier is invalid by showing a class action would be "a significantly more effective practical means of vindicating the rights of the affected employees than individual litigation or arbitration," and the disallowance of a class action would lead to less enforcement of labor laws.  *Gentry v. Super. Ct.*, 42 Cal. 4th 443, 463 (2007), *overruled on other grounds*; *see also Brown v. Ralph's Grocery Co.*, 197 Cal. App. 4th 489, 497 (2011).  When evaluating whether individual arbitration is appropriate under the CAA, the Court must consider: (1) the modest size of the potential individual recovery; (2) the potential for retaliation against members of the class; (3) the fact that absent members of the class may be ill informed about their rights; and (4) other real-world obstacles to the vindication of class members' rights through individual arbitration.  *Gentry,* 42 Cal.4th at 463.

16
17
18
19
20
21
22
23
24
25
26
27

A plaintiff challenging an agreement to arbitrate individually, must provide evidence for each of the *Gentry* factors, and may not rely on "conclusory or speculative statements" to invalidate a requirement to arbitrate individually.  *Conde v. Open Door Mktg.*, 2017 U.S. Dist. LEXIS 185508, *31-33 (Nov. 8, 2017) ("Plaintiffs here provide no evidence in support of their *Gentry* argument and, instead, make conclusory or speculative statements. … generalized statements lacking supporting evidence do not satisfy the *Gentry* test"); *Romero v. Watkins & Shepard Trucking, Inc.,* 2021 U.S. App. LEXIS 24804, *6 (9th Cir. 2021) ("Generalized statements from attorneys about the benefits of class wide arbitration and how the factors ought to apply cannot stand in place of an actual evidentiary showing.") *see also Brown,* 197 Cal. App. 4th at 497.  Plaintiff relies exclusively on conclusory or speculative statements and cannot therefore invalidate the requirement to arbitrate individually.

///

28

.                                                     3                    CASE NO. 3:22-CV-08976
DEFENDANT RXO LAST MILE, INC.'S RESPONSE TO PLAINTIFF'S
SUPPLEMENTAL BRIEF ON DEFENDANT'S MOTION TO COMPEL ARBITRATION

*First*, Plaintiff speculates that individual recoveries will be modest for the putative class of business owners and their workers, but this misses the point. Plaintiff formed an LLC, and one of his claims is that he is entitled reimbursement for all of his business expenses, which is substantial. While Plaintiff focuses on the individual wages of his workers to show that individual recoveries will be modest, Plaintiff, and any other Contract Carrier who owns a business and hires employees, could individually recover large amounts of business expenses, if both employment status and business expense claims are proven. As stated in RXO LM's moving papers (and conceded at the hearing), Plaintiff's company employed 10 drivers and helpers and performed delivery services amounting to more than $2.2 million since 2018. *See* Declaration of Robert Hawkins in Support of Motion to Compel, ¶ 5. Plaintiff has asserted nothing to show how modest his claims may be and cannot therefore prove this *Gentry* prong.

*Second*, Plaintiff only speculates that RXO LM may retaliate against class members. The specter of retaliation is not real. Plaintiff does not assert any allegations of actual retaliation because none has occurred, and Plaintiff's concern for others suffering retaliation is unwarranted. In fact, the DSA expressly states that retaliation for choosing to opt out of arbitration – an option Plaintiff had but did not exercise – would not result in retaliation. *See* Schnayerson Decl., Ex. 1., Section 21.10 (stating "A UNILATERAL ELECTION BY CONTRACT CARRIER TO OPT OUT WILL NOT RESULT IN TERMINATION OF ANY OTHER AGREEMENT BETWEEN THE PARTIES OR ANY FORM OF PENALTY, RETALIATION OR DISADVANTAGING OF CONTRACT CARRIER BY XPO LAST MILE.")

*Third*, Plaintiff presented no evidence that the putative class of business owners and their workers are not informed of their rights. In fact, Contract Carriers such as Plaintiff are encouraged by the DSA to seek private counsel before accepting its terms. *Id.* at Section 21.11. The DSA also includes an acknowledgment that the Contract Carrier "has had sufficient time and opportunity to consult with personal, financial, tax and legal advisors prior to executing this Agreement." *Id.* at Section 29. If Plaintiff's workers are uninformed, unlawfully treated,

DEFENDANT RXO LAST MILE, INC.'S RESPONSE TO PLAINTIFF'S
SUPPLEMENTAL BRIEF ON DEFENDANT'S MOTION TO COMPEL ARBITRATION

1   under paid, then Plaintiffs' own business will be liable to them as their employer, and RXO

2   LM's liability (if any) could arise only as a result of a finding of joint employment *See Curry v.*

3   *Equilon Enterprises, LLC*, 23 Cal.App.5th 289, 314.

4       *Fourth*, there are no real "obstacles" for putative class members to assert their rights.

5   Plaintiff, and other Contract Carriers, were permitted to opt out of the Arbitration Agreement,

6   and therefore Plaintiff, and the putative class of business owners and their employees were not

7   required to arbitrate as a condition of employment.  Schnayerson Decl., Ex. 1, Section 21.10.

8   The Arbitration Agreement provides a fair and reasonable method for any business owner to

9   assert their rights, with a neutral arbitrator and discovery administered by a well-known and

10   respected arbitral body.  *See Romero,* 2021 U.S. App. LEXIS 24804, *6.

11       Separately, the Arbitration Agreement itself does not impair any substantive claim, by

12   altering the statute of limitations or limiting available remedies.  *Cf. Gentry*, 42 Cal. 4th at 470.

13   In *Gentry*, cited by Plaintiff to support his argument, the Arbitration Agreement provided for a

14   one-year statute of limitations as opposed to the three-year statute of recovering overtime

15   wages under C.C.P. 338.  *Id.*  It also limited the remedies to backpay up to one year.  *Id.*  Here,

16   there is no such limitation on recovery in the Arbitration Agreement.  As such, Plaintiff has not

17   waived any of his substantive rights by agreeing to arbitration.  The Arbitration Agreement

18   simply is not unconscionable.

19       Plaintiff repeatedly cites *Garrido v. Air Liquide Industrial U.S., LP*, 241 Cal.App.4th

20   833 (2015), to support his argument to invalidate the class action waiver, but *Garrido* is

21   distinguishable.  The plaintiff in *Garrido* was engaged individually by the defendant.  Here, the

22   Plaintiff owns a delivery company that contracts with Defendant, and hired its own workers to

23   perform the contracted services.  Additionally, in *Garrido*, the plaintiff produced evidence that

24   his potential recovery was at most $11,000.  Plaintiff here has not put forward any evidence of

25   his potential recovery, but it could easily exceed that amount given the number of trucks and

26   workers Plaintiff employed while under contract with RXO LM.

27   ///

28

DEFENDANT RXO LAST MILE, INC.'S RESPONSE TO PLAINTIFF'S
SUPPLEMENTAL BRIEF ON DEFENDANT'S MOTION TO COMPEL ARBITRATION

1  Individual arbitrations, particularly when the claimant is the owner of a company and is

2  trying to represent his own employees, will be far more efficient and effective than a class

3  action.    Individually arbitrating Plaintiffs' claim will also avoid any conflict of interest

4  presented by Plaintiff's relationship to his employees.

5  **B.    Labor Code Section 229 Does Not Preclude Arbitration.**

6  Plaintiff argues that the language of Labor Code section 229 precludes arbitration of

7  any claims under that statute because it provides: "Actions to enforce the provisions of article

8  for collection of due and unpaid wages claimed by an individual may be maintained without

9  regard to the existence of any private agreement to arbitration."  However, a California Court

10  of Appeal rejected the argument in *Bravo v. RADC Enters., Inc.*, 33 Cal. App. 5th 920 (2019).

11  *RADC* correctly contends that "[t]he text of the agreement swiftly announces its objective: the

12  parties will arbitrate 'any and all disputes' arising from Bravo's employment, 'including any

13  claims brought by the Employee related to wages' under the Labor Code.  **The main point of**

14  **the deal was to arbitrate all employment disputes**." *Id.* at 923 (emphasis added).  Therefore,

15  notwithstanding the statutory language, claims under Labor Code section 229 must be

16  arbitrated if the scope of an arbitration agreement includes 229 claims.  *Id.* at 922-23.

17  Here, the Arbitration Agreement states that "any demand, assertion, or claim or cause of

18  action for money, property, enforcement of a right, or equitable relief, including but not limited

19  to allegations of misclassification or wage and hour violations (except as carved out below)

20  arising out of or relating to the Agreement, shall be settled by arbitration…"  Schnayerson

21  Decl., Ex. 1, 21.1.  As a result, *all* employment disputes including wage and hour matters are to

22  be arbitrated under the Agreement.

23  Furthermore, Labor Code Section 229 is limited in scope and applies only in the context

24  claims for "due and unpaid wages" that are not expressly sent to arbitration.  Accordingly, it

25  would not apply to Plaintiff's Third Cause of Action for Failure to Reimburse Business

26  Expenses, Fifth Cause of Action for Failure to Provide Meal Periods, Sixth Cause of Action for

27  Failure to Authorize and Permit Rest Periods, Seventh Cause of Action for Failure to Furnish

28

.                                    6                    CASE NO. 3:22-CV-08976
DEFENDANT RXO LAST MILE, INC.'S RESPONSE TO PLAINTIFF'S
SUPPLEMENTAL BRIEF ON DEFENDANT'S MOTION TO COMPEL ARBITRATION

1   Accurate Wage Statements, Eighth Cause of Action for Waiting Time Penalties and Ninth

2   Cause of Action for Unfair Competition.  Thus, should the Court find that the FAA does not

3   apply and that Labor Code section 229 does apply, it should still order the parties to arbitrate

4   the Third and Fifth through Ninth Causes of Action, and stay the class action as to the

5   remainder.

6          Finally, should the Court find that the FAA governs the Arbitration Agreement rather

7   than the CAA, Labor Code section 229 is preempted.  *Perry v. Thomas*, 482 U.S. 483, 492

8   (1987).  Even if the Court were to find that Labor Code section 229 applies and is not

9   preempted, Section 229 would only prohibit arbitration of some of Plaintiff's claims.  *Lane v.*

10  *Francis Capital Mgmt., LLC*, 224 Cal.App.4th 676, 684 (2014); *Kirby v. Immoos Fire*

11  *Protection, Inc.*, 53 Cal.4th 1244, 1256-57 (2012) ("[A] section 226.7 claim is not an action

12  brought for nonpayment of wages; it is an action brought for nonprovision of meal or rest

13  breaks.")

14          C.      **In Accordance with *Rizvanovic*, the Court Should Delegate Enforceability to**
15                  **the Arbitrator.**

16          Plaintiff misstates the holding in *Rizvanovic v. UPS, Inc.*  In *Rizvanovic*, the Court held

17  that there was an actual agreement, that there was a valid delegation clause, and that the issue

18  of arbitrability should be decided by the arbitrator, not the Court.  *Id.* at 16-23.  If the Court

19  finds that the class action waiver is enforceable, it should likewise order the Parties to

20  arbitration on whether the Arbitration Agreement is unconscionable.

21          "When the parties' contract delegates the arbitrability question to an arbitrator, the

22  courts must respect the parties' decision as embodied in the contract."  *Henry Schein, Inc. v.*

23  *Archer & White Sales, Inc.*, 139 S.Ct. 524, 528 (2019).  There are two prerequisites for a

24  delegation clause to be valid: (1) the language of the clause must be clear and unmistakable;

25  and (2) the delegation must not be revocable under state contract defenses, such as fraud,

26  duress, or unconscionability.  *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68, 69 (2010).

27  ///

28

.                                              7                    CASE NO. 3:22-CV-08976
DEFENDANT RXO LAST MILE, INC.'S RESPONSE TO PLAINTIFF'S
SUPPLEMENTAL BRIEF ON DEFENDANT'S MOTION TO COMPEL ARBITRATION

With regards to the first factor, the Arbitration Agreement unmistakably states that the issues of enforceability of the Arbitration Agreement is to be determined by the arbitrator and only the enforceability of the class action waiver is to be decided by a court. *See Gilbert Street Developers, LLC v. La Quinta Homes, LLC*, 174 Cal.App.4th 1185, 1192 (2009) ("just how "clear and unmistakable" must the parties be if they choose to have an arbitrator decide his or her own jurisdiction? An easy case is obviously when there is explicit language in the actual signed document to that effect.")  The Agreement states in relevant part:

> 21.5 ENFORCEABILITY. Except as noted Paragraph 21.6, the arbitrator, and not any federal, state, or local court, shall have exclusive authority to resolve any dispute relating to the formation, enforceability, applicability, or interpretation of this Arbitration Agreement, including without limitation any claim that this Arbitration Agreement is void or voidable. Thus, except as noted in Paragraph 21.6, the parties voluntarily waive the right to have a court determine the enforceability of this Arbitration Agreement. In the event any portion of this Arbitration Agreement is deemed unenforceable, then such portion will be modified or, if is not possible, stricken to the extent necessary to allow enforcement of this Arbitration Agreement, and the remaining provisions will remain in full force and effect.  Schnayerson Decl., Ex. 1, Section 21.5.

With regards to the second factor, a court looks at whether the delegation clause itself is unconscionable, not the arbitration agreement as a whole. *Rent-A-Center*, 561 U.S. at 74 (the arguments of unconscionability "must be specific to the delegation provision.") There is nothing unconscionable about having the arbitrator decide whether the agreement is enforceable. As stated previously and reiterated below, the Arbitration Agreement is not procedurally unconscionable because it has an opt-out provision, the Arbitration Agreement language is not "hidden" in the DSA, and Plaintiff was a sophisticated party who owned his own business when he entered into the DSA.

Additionally, the delegation clause is not substantively unconscionable because it is not overly harsh and does not sanction one-sided results. *Tiri v. Lucky Chances, Inc.*, 226 Cal.App.4th 231, 246-247 ("The delegation clause here does not lack mutuality because Tiri and Lucky Changes are bound by it equally.") The delegation clause does not affect Plaintiff's ability to recover any specific remedy, it does not impose costs on the Plaintiff and neither

DEFENDANT RXO LAST MILE, INC.'S RESPONSE TO PLAINTIFF'S
SUPPLEMENTAL BRIEF ON DEFENDANT'S MOTION TO COMPEL ARBITRATION

discovery nor the ability to litigate the merits are impacted.

**D.    The Arbitration Agreement Is Not Unconscionable.**

As stated in Defendant's moving and reply papers supporting its Motion to Compel Arbitration, the Arbitration Agreement is not unconscionable.

1.    The Arbitration Agreement Is Not Procedurally Unconscionable

Procedural unconscionability "addresses the circumstances of contract negotiation and formation, focusing on oppression or surprise due to unequal bargaining power." *Pinnacle Museum Tower Assn. v. Pinnacle Market Dev. (US), LLC*, 55 Cal. 4th 223, 246 (2012). Contrary to Plaintiff's position, there was no oppression or surprise to support procedural unconscionability. *Gutierrez v. Autowest, Inc.*, 114 Cal. App. 4th 77, 87 (2003). The Arbitration Agreement is not a "pre-printed form buried" among other documents, as Plaintiff argues. The DSA stands alone and is not a hundred-page contract. The Arbitration Agreement appears on the twelfth page of a 15-page agreement.

The Arbitration provision of the DSA is capitalized and underlined: "ARBITRATION OF CLAIMS." Also, in bold are the terms binding the parties to arbitration: "PARTIES AGREE THAT ALL SUCH DISPUTE WILL BE RESOLVED THROUGH BINDING ARBITRATION BEFORE AN ARBITRATOR AND NOT BY WAY OF A COURT OR JURY TRIAL." Schnayerson Decl., Ex. 1, Section 21.1. The font is the same size as the rest of the document. Plaintiff is also advised to consult with an attorney on the contract terms. Schnayerson Decl., Ex. 1, 21.11. Accordingly, Plaintiff has no ability to argue that the agreement was hidden.

At the end of the DSA, Plaintiff dated and signed his name via electronic signature: Maynor Mejia Lopez, Business Owner. *Id.* at p. 15. Plaintiff used his business email address, abclogisticsllc@gmail.com, to effectuate the electronic signature. *Id.* Plaintiff, therefore, was a sophisticated party, and was aware that he was entering into a for-profit venture with Defendant.

///

---

**DEFENDANT RXO LAST MILE, INC.'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF ON DEFENDANT'S MOTION TO COMPEL ARBITRATION**

Additionally, the Arbitration Agreement had an opt-out provision that allowed the Plaintiff (and other drivers) to opt-out of the Arbitration Agreement, while entering into the DSA.  Schnayerson Decl., Ex. 1., Section 21.10.  Plaintiff could opt-out within a 30-day period. The provision stated that there was no retaliation or change in the terms of the agreement between Plaintiff and Defendant if Plaintiff chose to opt out.  *Id.*  Courts regularly hold that if an arbitration agreement provides an opportunity to opt out, it is not adhesive, and those who would challenge it cannot establish procedural unconscionability.  *See*, e.g., *Mohamed v. Uber Techs, Inc.*, 848 F.3d 1201, 1211 (9th Cir. 2016); *Kilgore v. KeyBank, N.A.*, 718 F.3d 1052, 1059 (9th Cir. 2013); *Circuit City Stores, Inc. v. Ahmed*, 283 F.3d 1198, 1199 (9th Cir. 2002).

Plaintiff was not powerless when he entered into the agreement. Rather, he was the owner of an LLC, and he had employees. The fact that Plaintiff was sophisticated enough to employ drivers, helpers, and trucks for use in his independently run business demonstrates Plaintiff *chose* to sign the DSA with the Arbitration Agreement.

### 2.   The Arbitration Agreement Is Not Substantively Unconscionable

Substantive unconscionability addresses the actual terms of the contract. The focus is on whether the terms are overly harsh or so one-sided that it shocks the conscience. *Pinnacle*, 55 Cal. 4th at 246.  Plaintiff cannot demonstrate *any* substantive unconscionability.  In *Armendariz v. Foundation Health Pysch. Servs., Inc.*, 24 Cal. 4th 83 (2000), the California Supreme Court identified six substantive conditions that *might* affect the validity of a mandatory employment arbitration agreement. The court must determine whether the agreement (1) provides a neutral arbitrator; (2) limits the availability of statutorily imposed remedies; (3) allows adequate discovery; (4) provides for a written arbitration award; (5) imposes costs that are unique to arbitration on the employee; and (6) has a "modicum of bilaterality." *Id.* at 103-113, 117-18.

There is no dispute that the Arbitration Agreement provides for a neutral arbitrator, that there is no limit on the availability of statutorily imposed remedies, that the agreement allows for adequate discovery, that the agreement provides a written arbitration award, and that the agreement includes a modicum of bilaterality. Instead, Plaintiff argues that the Arbitration

DEFENDANT RXO LAST MILE, INC.'S RESPONSE TO PLAINTIFF'S
SUPPLEMENTAL BRIEF ON DEFENDANT'S MOTION TO COMPEL ARBITRATION

Agreement is substantively unconscionable because it imposes costs upon plaintiff, it waives the right to appeal, and imposes an obligation on the non-prevailing party to pay the prevailing party's attorneys' fees.  Plaintiff is incorrect.

> i.    The Commercial Arbitration Rules Do Not Impose Excessive Fees That Are Unique to Arbitration on the Employee

Under *Armendariz*, the California Supreme Court upheld reasonable assumption of costs for filing fees and administrative expenses, so long as the employee is not required "to pay arbitrators' fees ranging from $500 to $1,000 per day or more…in addition to administrative and attorney's fees…" *Armendariz,* 24 Cal. 4th at 108 (citing to *Cole v. Burns Intern. Sec. Servs.*, 105 F.3d 1465 (D.C. Cir. 1997). The reasoning was the fees would be prohibitively expensive for an employee to attempt to pursue, especially after being fired from his position. *Id.*

Plaintiff argues that in a misclassification dispute, the Commercial Arbitration Rules apply "until a determination of employment statute has been made."  However, within the Commercial Arbitration Rules, the AAA requires that the Employment Fee Schedule be applied for a dispute between an employee or independent contractor and a business or organization. Declaration of Michael H. Boyamian in Opposition to Motion to Compel ("Boyamian Decl."), Ex. 4, p. 10, Footnote.  Plaintiff incorrectly argues that the AAA Commercial Rules that went into effect on September 1, 2022 do not apply because Plaintiff's alleged employment ended before September 1, 2022.  Rather, the relevant rules are the rules in effect when the matter goes to arbitration.  AAA Commercial Rule state: "These rules and any amendment of them shall apply in the form in effect at the time the administrative filing requirements are met for a demand for arbitration or submission agreement received by the AAA."  Boyamian Decl., Ex. 4 at p. 7.  The AAA Commercial Rules also state:

> The AAA will require any dispute regarding failure to pay wages, provide meal and rest breaks, and all of the claims brought by Plaintiff follow AAA's Employment Rules. As such, as discussed below, the Employment Fee Schedule still controls when it comes to a dispute of employment matters. The AAA will apply the Employment Fee Schedule to any dispute between an individual employee or an independent contractor (working or

DEFENDANT RXO LAST MILE, INC.'S RESPONSE TO PLAINTIFF'S
SUPPLEMENTAL BRIEF ON DEFENDANT'S MOTION TO COMPEL ARBITRATION

performing as an individual and not incorporated) and a business or organization and the dispute involves work or work-related claims, including any statutory claims and including work-related claims under independent contractor agreements. A dispute arising out of an employment plan will be administered under the AAA's Employment Arbitration Rules and Mediation procedures.  Boyamian Decl., Ex. 4 at p. 10, Footnote.

Furthermore, the AAA Commercial rules state that "[a]ny disputes regarding which rules should apply shall be determined by the AAA."  Boyamian Decl., Ex. 4 at p. 10.  Thus, as long as Plaintiff brings claims as an individual employee (which he has), the Employment Fee Schedule controls.  RXO LM is prepared to pay the arbitrator's fees as with any employment arbitration.  Declaration of Benjamin Schnayerson in Response to Plaintiff's Supplemental Brief ("Supp. Schnayerson Decl."), ¶ 3. In fact, the Arbitration Agreement states that Defendant would pay the arbitration costs even before the arbitrator makes any decision regarding costs:

If necessary for arbitration of the dispute, XPO Last Mile agrees to cover the amount of the Arbitration Costs contested by Contract Carrier until such time as the Arbitrator determines payment responsibility.  Schnayerson Decl, Ex. 1, Section 21.7.

The Employment Fee Schedule states employees are required to only pay a non-refundable filing fee of $350 for a single arbitrator dispute.  Supp. Schnayerson Decl., Ex. B, at p. 1. In contrast, RXO LM is required to pay a fee of $2,850 if the arbitration was filed by the individual, or $3,200 paid in full by RXO LM if the arbitration is filed by a company.  *Id.* These fees are a fraction of the cost for initiating a lawsuit in California state court. Furthermore, if the demand was filed by RXO LM (rather than Plaintiff), Plaintiff would have no costs associated with the arbitration, including the $350 filing fee.

Plaintiff is subject to the Employment Fee Schedule and Employment Arbitration Rules and Mediation procedures.  Plaintiff's counsel argued at the hearing that the Employment Fee Schedule does not apply to Plaintiff because he formed an LLC.  This argument is flawed. First, the issue of whether Plaintiff should be treated as a business entity, employee, or independent contractor is determined by the arbitrator based on a review of the California

DEFENDANT RXO LAST MILE, INC.'S RESPONSE TO PLAINTIFF'S
SUPPLEMENTAL BRIEF ON DEFENDANT'S MOTION TO COMPEL ARBITRATION

Labor Code. Second, Plaintiff argues that Plaintiff should have been treated as an employee – rather than a corporation – because Plaintiff is alleging that he was required to bear costs and unpaid wages as Defendant's employee. Plaintiff cannot claim that he should be treated as an employee and that all of the relevant case law for employment arbitrations should apply, but that the AAA Employment rules and fee schedule do not apply, particularly when that is how the AAA manages employment disputes. The applicable rules are based on Plaintiff's allegations. As a result, this dispute subject to the AAA Employment Fee Schedule and Arbitration Rules, and Plaintiff does not pay the arbitration costs.

ii.   The Arbitration Provision Does Not Impermissibly Waive the Right to Appeal

The Arbitration Agreement does not explicitly state that there is no right to appeal the arbitrator's award.  However, courts have held that silence on this issue of appeal does not make an Arbitration Agreement unconscionable. *Iyere v. Wise Auto Group*, 87 Cal.App.5th 747, 761 (2023) ("If an arbitration agreement covers FEHA claims and is silent as to the minimal elements of fairness required by *Armendariz*, courts will infer those terms."; *Little v. Auto Stiegler, Inc.*, 29 Cal.4th 1064, 1075, n.1 (2003) (agreement's silence as to judicial review, scope of remedies and allocation of costs did not bar enforcement as court could infer requisite terms).  In fact, the AAA Employment and Commercial rules, and the Arbitration Agreement, allow for a court to enter judgment for any arbitration award.  Schnayerson Decl., Ex. 1, Sec. 21.9; Boyamian Decl, Ex. 4 at p. 33; Supp. Schnayerson Decl., Ex. A at p. 24.   The Court can infer that the Arbitration Agreement permits judicial review to the extent permitted by law.

iii.   The Arbitration Provision Does Not Require Plaintiff to Pay Attorneys' Fees and Costs to the Prevailing Party

While the Arbitration Agreement is silent on the issue of whether to impose an obligation on the non-prevailing employee to pay the attorneys' fees of the prevailing party, it does not have to.  It specifically states that the arbitrator will award any remedy available in court:

DEFENDANT RXO LAST MILE, INC.'S RESPONSE TO PLAINTIFF'S
SUPPLEMENTAL BRIEF ON DEFENDANT'S MOTION TO COMPEL ARBITRATION

1

2
3
4
5

The Arbitrator may award any party any remedy to which that party is entitled under applicable law, but such remedies will be limited to those that would be available to a party in his or her or its individual capacity in a court of law for the claims presented to and decided by the Arbitrator, and no remedies that otherwise would be available to an individual in a court of law will be forfeited by virtue of this Arbitration Agreement. Schnayerson Decl., Ex. 1, Section 21.9.

6

7

8

9

10

Additionally, the Employment Rules state the arbitrator can grant attorneys' fees and costs pursuant to the laws that would have been applied in court.  Schnayerson Decl., Ex. 1, at p. 23.  Thus, if a court would not award attorney's fees to the RXO LM as a prevailing party, neither would an arbitrator.  Furthermore, as stated above, an Arbitration Agreement can be silent on specific, minimal elements of fairness and the courts can infer those terms.

11

12

iv.    The Class Action Waiver Does Not Create A Lack of Mutuality

13

14

15

16

17

18

19

20

21

22

23

24

25

26

The language in the class action waiver requiring the parties to litigate in court if the class action waiver is invalidated does not render the Arbitration Agreement unconscionable, and Plaintiff has not cited any case law to that effect.  Plaintiff's entire basis for the argument is that RXO LM would not bring a class action against Plaintiff and thus only Plaintiff is waiving a right.  However, this language does not negate any rights of Plaintiff that he would have in court nor does it provide RXO LM with any advantages over Plaintiff.  It simply states that if the class action waiver is invalidated, the parties proceed in court as Plaintiff is attempting to do in the first place.  All of the cases cited by Plaintiff discuss how the employer can bring claims in Court but the employee must arbitrate their claims.  *See, e.g., Serafin v. Balco Properties Ltd., LLC*, 235 Cal.App.4th 165, 182 ("Serafin contends that the language of the arbitration agreement at issue in this case is similarly one-sided and provides for arbitration of only those claims an employee is likely to pursue in court.")  Conversely, here, any claim brought by the RXO LM must be in arbitration, and if the Court determines that the class action waiver is invalid, then Plaintiff would bring his class action in court.

27

///

28

.                                       14                            CASE NO. 3:22-CV-08976

DEFENDANT RXO LAST MILE, INC.'S RESPONSE TO PLAINTIFF'S
SUPPLEMENTAL BRIEF ON DEFENDANT'S MOTION TO COMPEL ARBITRATION

**E.     Unconscionable Provisions May be Severed So that the Contract Is Enforced**

Even if any provision in the Agreement is determined to be unconscionable, such provision should be severed to prevent Plaintiff from gaining an undeserved benefit and RXO LM from suffering an undeserved detriment as a result of voiding the entire agreement. *Armendariz*, 24 Cal.4th at 124.  California Civil Code section 1670.5 "contemplate[s] [invalidation of an entire agreement] only when an agreement is 'permeated' by unconscionability." *Id.* at 122.  Indeed, "[i]n California, severance is preferred over voiding the entire agreement [and t]he United States Supreme Court has an even stronger preference for severance in the context of arbitration agreements." *Newton v. Am. Debt Servs.*, 549 Fed. Appx. 692, 695 (9th Cir. 2013) (citation and internal quotation marks omitted).

Here, severance is specifically permitted by the Arbitration Agreement.  Schnayerson Decl., Ex. 1, Section 21.5.  Plaintiff argued in their Supplemental Briefing that Defendant has drafted "bad faith" clauses, without naming which clauses they consider "unlawful."  Pl.'s Supp. Briefing, Dkt. 33, p. 26.  Moreover, Plaintiff is unable to show that any provision of the Arbitration Agreement determined to be flawed means that the entire agreement is substantively unconscionable.  *Cayanan v. Citi Holdings, Inc.* 928 F.Supp.2d 1182, 1205 (S.D. Cal. 2013) (finding that the agreement's unfair allocation of costs and fees to the Plaintiff did not mean that the arbitration agreement was "permeated with unconscionability.")

**III.     <u>CONCLUSION</u>**

Even if the Court determines that the CAA applies here, as opposed to the FAA, the class action waiver is valid and enforceable.  This is not a case involving an employee class representative whose individual recovery is modest.  This is a case involving a business owner who could potentially recover a significant amount of money and is using the class action venue to pursue his claims.  Furthermore, Labor Code section 229 would only apply to three of Plaintiff's nine causes of action.  While the Arbitration Agreement is not unconscionable, that is an issue to be delegated to the arbitrator.

DEFENDANT RXO LAST MILE, INC.'S RESPONSE TO PLAINTIFF'S
SUPPLEMENTAL BRIEF ON DEFENDANT'S MOTION TO COMPEL ARBITRATION

1   Accordingly, Defendant respectfully requests that the Court find that the class action

2 waiver is valid and enforce the Arbitration Agreement.  However, per the DSA, if the Court

3 invalidates the class action waiver, then the entire class action must proceed in Court.

4

5 Dated:  June 16, 2023                                  JACKSON LEWIS P.C.

6

7                                              By: /s/Benjamin J. Schnayerson
                                                 Mia Farber
8                                                Benjamin J. Schnayerson
                                                 Julie Y. Zong
9                                                Attorneys for Defendant
                                                 RXO LAST MILE, INC. ERRONEOUSLY
10                                               SUED AS XPO LAST MILE, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

.                                    16                    CASE No. 3:22-CV-08976
DEFENDANT RXO LAST MILE, INC.'S RESPONSE TO PLAINTIFF'S
SUPPLEMENTAL BRIEF ON DEFENDANT'S MOTION TO COMPEL ARBITRATION