UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYNOR MEJIA,<br><br>    Plaintiff,<br><br>    v.<br><br>RXO LAST MILE, INC.,<br><br>    Defendant. | Case No. 22-cv-08976-SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE A THIRD-PARTY COMPLAINT**<br><br>Re: Dkt. No. 49 |

Before the Court is defendant's motion for leave to file a third-party complaint for indemnity against ABC Logistics, Inc. Dkt. No. 49. Plaintiff opposes. Dkt. No. 50. Pursuant to Civil Local Rule 7-1(b), the Court determines that the motion is suitable for resolution without oral argument, and VACATES the January 12, 2024 hearing. For the reasons set forth below, the Court GRANTS defendant's motion.

**BACKGROUND**

Plaintiff Maynor Mejia Lopez brings this proposed class action against RXO Last Mile, Inc.[1] and Does 1 through 25 ("defendants" or "RXO") alleging RXO denied plaintiff and other "Delivery Drivers"[2] the benefits and protections required under the California Labor Code and other state laws[3]

---

[1] Defendant changed its name from XPO Last Mile, Inc. to RXO Last Mile, Inc. on or about November 2, 2022. Dkt. No. 1-1 at ECF 52 n.1.

[2] "Delivery Drivers" include non-employee workers who worked in California as a Contract Carrier, Driver, and/or Helper. Dkt. No. 43 ("Amended Compl.") ¶ 1.

[3] Specifically, plaintiffs allege failure to pay minimum wage, failure to pay overtime compensation, failure to reimburse employment expenses, unlawful deductions from wages, failure to provide meal periods, failure to authorize and permit rest periods, failure to furnish accurate wage statements, and waiting time penalties under the California Labor Code, IWC Wage Order No. 9,

by classifying and treating the Drivers as independent contractors rather than employees. Dkt. No. 43 ("Amended Compl.") ¶¶ 1-3, 26. Per plaintiff's complaint, RXO provides logistics and delivery services to retail merchants and uses Delivery Drivers for "last mile" delivery: the drivers pick up merchandise at the merchants' stores or warehouses and deliver and install it at RXO's customers' homes or businesses. *Id.* ¶ 7. Plaintiff filed suit in the Superior Court of California, County of Alameda on October 24, 2022. Defendant removed the case to federal court on December 19, 2022. *See* Dkt. No. 1.

Plaintiff alleges that defendants unlawfully classified him and other proposed class members as independent contractors, when they were in fact "heavily regulated through a series of work-related restrictions and directives." Amended Compl. ¶ 14. RXO allegedly exercises "pervasive control" over the work of Delivery Drivers and has established "an elaborate system and scheme in an attempt to conceal its true status as the employer of its Delivery Drivers." *Id.* ¶¶ 14, 16. As part of this scheme, RXO allegedly hires Delivery Drivers as independent contractors but controls the terms, manner, and means of their work through RXO's Delivery Service Agreement ("DSA"), which it requires Delivery Drivers to sign. *Id.* ¶¶ 16–17. The DSAs also require Delivery Drivers to "agree" to pay numerous expenses incident to employment. *Id.* ¶ 17. Plaintiff alleges that the DSAs are "pre-printed contracts of adhesion [] drafted exclusively by [RXO] and/or on behalf of its agents." *Id.* ¶ 16. Plaintiff also lists an extensive series of directives Delivery Drivers allegedly must abide by despite being classified as independent contractors. *Id.* ¶¶ 19-23.

RXO also requires each Contract Carrier to create their own "corporation" or "limited liability company." *Id.* ¶ 18. RXO refers its Drivers "to a company that processes the paperwork to create a purported corporate or limited liability company entity for each Contract Carrier, and requires the Contract Carrier to go through the process." *Id.* ¶ 18. Plaintiff alleges that "these business entities are nothing more than fictitious business names for the Contract Carrier themselves and serve no purpose other than to perpetuate and shield [RXO's] scheme of mischaracterizing its

---

and the Minimum Wage Order; violations of the California Unfair Competition Act; and violations of the Private Attorneys General Act of 2004.

employees as independent contractors." *Id.* Plaintiff alleges he was required to form ABC Logistics, LLC, the entity defendant moves for leave to file a third-party complaint against, to secure work from RXO. *See id.*; Dkt. No. 50-2, Lopez Decl. ¶ 3. Defendant asserts that ABC Logistics, which plaintiff owns and operates, "is one of the independent, federally authorized, motor carriers that agreed to complete deliveries arranged by RXO LM." Dkt. No. 49-2, Schnayerson Decl., ¶ 7.

Attached to the complaint and at issue in this motion is a DSA ("Agreement") between ABC Logistics, LLC and XPO Last Mile, Inc executed on June 21, 2018. Dkt. No. 43, Ex. 1. In this Agreement, ABC Logistics is referred as "Contract Carrier" and the Agreement indicates that "Contract Carrier" is an "established motor carrier" which "owns and operates an independent delivery business." *Id.* The Agreement specifies that "Contract Carrier and XPO Last Mile are independent entities having their own established business." *Id.* ¶ 4.1. The Agreement includes an indemnification provision that provides that "Contract Carrier shall at all times… defend, indemnify and hold harmless XPO Last Mile, its customers, agents, employees, and affiliates against and from any and all settlements, losses, damages, costs, counsel fees and all other expenses relating to or arising from any and all claims… of every nature or character… asserted against XPO Last Mile … by Contract Carrier or any agent or employee of Contract Carrier…" *Id.* ¶ 15.

**LEGAL STANDARD**

A defendant may "serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it" with "the court's leave if it files the third-party complaint more than 14 days after serving the original answer." Fed. R. Civ. P. 14(a). "The decision whether to implead a third-party defendant is addressed to the sound discretion of the trial court." *Southwest Administrators, Inc. v. Rozay's Transfer,* 791 F.2d 769, 777 (9th Cir. 1986). The purpose of Rule 14 "is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim." *Id.* "Therefore, courts have construed the rule liberally in favor of allowing impleader." *Universal Green Solutions, LLC v. VII Pac Shores Investors LLC*, No. C-12-05613-RMW, 2013 WL 5272917, at *2 (N.D. Cal. Sept. 18, 2013) (citations omitted). In

3

1  deciding whether to allow a third-party complaint, courts usually consider: "(1) prejudice to the
2  original plaintiff; (2) complication of issues at trial; (3) likelihood of trial delay; and (4) timeliness
3  of the motion to implead." *Webb v. Healthcare Recovery Group, LLC*, Case No. 13-CV-00737,
4  2014 U.S. Dist. LEXIS 89742, at *7 (N.D. Cal. June 30, 2014).[4]

## DISCUSSION

### I.   Timeliness of Motion

Plaintiff argues that defendant's motion is untimely and should be denied for that reason alone. Dkt. No. 50 at 1. Plaintiff alleges that defendant stated in the parties' Rule 26(f) report that it might file a cross-claim or implead ABC Logistics. *Id.* at 4-5. Defendant allegedly then informed plaintiff it would move forward with a motion requesting leave to file a third-party complaint on October 10, 2023, but did not include any cross-claim against plaintiff when it filed its answer to plaintiff's first amended complaint on October 13, 2023. *Id.* at 5; Dkt. No. 48, Kizirian Decl. ¶ 4. RXO argues its motion is timely because the Court denied its motion to compel arbitration on August 10, 2023, defendants answered plaintiff's amended complaint on October 13, 2023, and this motion was filed shortly thereafter. Dkt. No. 49-1 at 6; Dkt. No. 51 at 3.

The Court considers that RXO was aware of facts supporting impleader when plaintiff's initial complaint was filed in October 2022; the DSA with the indemnification provision was attached as an exhibit to the initial complaint. *See* Dkt. No. 1-1. However, RXO reasonably may have wanted to wait until its motion to compel arbitration was resolved before impleading ABC Logistics. Additionally, courts in this District have found lapses of time between three and six months after filing an answer to be timely. *See Clarke v. Public Emples. Union Local 1*, 2017 U.S.

---

[4] Plaintiff argues courts also consider a fifth factor: the merits of the third-party complaint. The Court agrees with RXO that it would be inappropriate to consider the merits of the proposed complaint at this stage; plaintiff's arguments about the validity of the claim would be better addressed in a fully briefed motion. *See Kormylo v. Forever Resorts, LLC*, Case No. 3:13-CV-0511, 2013 U.S. Dist. LEXIS 131419, at *6 (S.D. Cal, Sept. 13, 2013); *see also Clarke v. Public Emples. Union Local 1*, No. 16-cv-04954-JSC, 2017 U.S. Dist. LEXIS 19524, at *7 (N.D. Cal. Feb. 10, 2017) (noting that courts have rejected the argument that courts may deny leave to file a third-party complaint based on futility). Plaintiff's arguments on the merits may be strong, but the Court expresses no opinion on them at this time.

4

Dist. LEXIS 19524, at *7 (N.D. Cal. Feb. 10, 2017). RXO filed this motion less than two months after filing its answer. The motion is thus timely.

## II. Complication of Issues at Trial

RXO argues that its "simple claim for indemnification does not add any complicating factors that would result in delay," and even if its third-party complaint creates some complicating factors, the Court can bifurcate the trial. Dkt. No. 49-1 at 5. RXO further argues that the DSA and its indemnification requirements are directly related to the alleged Labor Code violations in plaintiff's class action claims and the indemnification claim relies on the same discovery. *Id.* at 6; Dkt. No. 51 at 7.

Plaintiff argues that adding a third-party defendant would "vastly complicate trial" because if class certification is achieved, numerous other entities would presumably be in a similar position as ABC Logistics, and defendant may seek to implead all those entities as well. Dkt. No. 50 at 2. And if defendant does not implead these other entities, plaintiff argues the Court would then potentially have to coordinate a class trial with an individual action focused on ABC Logistics. *Id.* at 13. RXO responds that this not a basis to deny this motion for leave to file a third-party complaint against a single entity and at this time, neither the Court nor RXO need determine whether RXO will pursue indemnification against any other entities because this case has not yet been certified for class treatment. Dkt. No. 51 at 7.

If this matter is certified for class treatment and RXO impleads other class member owned Contract Carriers, the matter may well become more complicated. However, these considerations could be addressed through bifurcation or other procedures at trial. *See* Fed. R. Civ. P. 14(a)(4). While granting impleader will create some procedural wrinkles, the Court does not find this will pose major complications rendering impleader inadvisable.

## III. Likelihood of Trial Delay

RXO argues granting it leave to file a third-party complaint will not unduly delay proceedings because this matter is in its infancy: RXO filed its answer to plaintiff's amended

1  complaint on October 13, 2023, the motion for class certification is to be completed by July 5, 2024,
2  and discovery will continue into 2024. Dkt. No. 49-1 at 5. RXO also argues that its "relatively
3  simple" indemnification claim "will primarily rely on discovery from the underlying cause and will
4  not slow down the present class action." Dkt. No. 51 at 2. Plaintiff responds that "[t]here is no
5  doubt that, if the motion were granted, the deadline set by the Court for Plaintiff to move for class
6  certification, July 5, 2024, would have to be continued" and that trial would have to be set for a later
7  date than it otherwise would be to allow the proposed third-party defendant to join the suit and
8  participate in discovery. Dkt. No. 50 at 12-13.

9  The Court does not find that granting defendant leave to file a third-party complaint will
10 unduly delay trial. The case is still in its discovery stage and the class certification hearing is set for
11 October 2024. A trial date has not yet been set. Although some additional discovery may be
12 necessary, the case schedule can accommodate that.

**IV.    Prejudice to Plaintiff**

15 Plaintiff argues that the addition of ABC Logistics will "distract" plaintiff from the
16 misclassification suit in "what is already a complex matter." Dkt. No. 50 at 12. Plaintiff further
17 argues that the resulting delay and complication would prejudice his "interest in a speedy resolution
18 of this matter" because the parties will have to dedicate time and resources "to an issue that is
19 ultimately irrelevant to the question of misclassification [and resulting wage and hour violations by
20 RXO]—whether RXO may try and recoup any liability for its actions in misclassifying Plaintiff by
21 looking to Plaintiff's entity." *Id.* at 12, 13.

22 RXO responds that plaintiff will not be "distracted" from anything, and even if he was, "that
23 is not a basis for denying a motion for leave." Dkt. No. 51 at 6. RXO further argues that just because
24 this case was labeled as "complex" when filed in state court does not mean that it is complicated.
25 *Id.* RXO also takes issue with plaintiff's characterization of a claim against ABC Logistics as a
26 claim against him. *See* Dkt. No. 51 at 6. RXO argues that ABC Logistics has had employees other
27 than plaintiff, and as the owner of ABC Logistics, plaintiff benefitted from its profits. *Id.* RXO
28 denies plaintiff's theory that he was an employee of RXO and that ABC Logistics was a "shell

corporation for himself." *See id.*

The Court finds that granting RXO's motion will not impact key case management deadlines, the class certification hearing, or trial. In addition, allowing the third-party complaint to be filed does not mean RXO will necessarily prevail on it. Whether RXO can prevail on the indemnification claim remains to be seen. Consequently, the Court does not find that the prejudice to plaintiff factor weighs against permitting impleader.

In sum, construing Rule 14(a) liberally in favor of impleader, to the extent RXO has an actionable claim against ABC Logistics, that claim belongs in this Court. Resolving all disputes arising from plaintiff's alleged misclassification in one litigation will further judicial economy, outweighing any prejudice to plaintiff and additional complications that may result.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendant's motion.

**IT IS SO ORDERED**.

Dated: January 9, 2024

_____
SUSAN ILLSTON
United States District Judge